UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

ANDRE HATCHETT,

             Plaintiff,

       -against-

THE CITY OF NEW YORK, NEW YORK, a municipal
entity; DETECTIVE RICHARD FERGERSON, in his
individual capacity; DETECTIVE VICTOR RICE, in his
individual capacity; DETECTIVE ROBERT DONAWA, in
his individual capacity; DETECTIVE LLOYD HENRY, in
his individual capacity; DETECTIVE DERRICK J.
PARKER, in his individual capacity; OFFICER MICHAEL
ZANATTA, in his individual capacity; OFFICER ERIC
HARSCH, in his individual capacity; and OTHERS AS-
YET-UNKNOWN JOHN AND JANE DOE OFFICERS
AND SUPERVISORS 1-10 in their individual capacities,

           Defendants.

----------------------------------------------------------------------- x

**ANSWER TO THE
COMPLAINT**

17-cv-1324

JURY TRIAL DEMANDED

    Defendant City of New York, by its attorney, Zachary W. Carter, Corporation

Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon

information and belief, as follows:

    1.   Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff was

incarcerated for approximately twenty-five years.

    2.   Denies the allegations set forth in paragraph "2" of the complaint except

admits that Neda Mae Carter was the victim of a homicide on or about February 18, 1991, and

refers the Court to the record of the criminal investigation and prosecution for a complete

statement of their contents.

3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5.     Denies the allegations set forth in paragraph "5" of the complaint.

6.     Denies the allegations set forth in paragraph "6" of the complaint.

7.     Denies the allegation set forth in paragraph "7" of the complaint.

8.     Denies the allegations set forth in paragraph "8" of the complaint, except admits that no physical evidence has linked plaintiff to Carter's murder.

9.     Denies the allegations set forth in paragraph "9' of the complaint, except admits that plaintiff has maintained his innocence of the murder.

10.    Denies the allegation set forth in paragraph "10" of the complaint.

11.    Denies the allegations set forth in paragraph "11" of the complaint.

12.    Denies the allegations set forth in paragraph "12" of the complaint and refers the Court to the proceedings described therein for a complete and accurate statement of its contents.

13.    Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff was released from prison in March 2016.

14.    Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiff purports to proceed as stated therein.

15.    Denies the allegations set forth in paragraph "15" of the complaint, except admits that plaintiff purports to proceed as stated therein.

16.     Denies the allegations set forth in paragraph "16" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the court as stated therein.

17.     Denies the allegations set forth in paragraph "17" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of the court as stated therein.

18.     Denies the allegations set forth in paragraph "18" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about June 7, 2016, and further admit that, to date, this matter has not been resolved.

19.     Admits the allegations set forth in paragraph "19" of the complaint.

20.     Denies the allegations set forth in paragraph "20" of the complaint, except admits that plaintiff purports to base venue as stated therein.

21.     States that the allegations set forth in paragraph "21" of the complaint are not averments of fact that require a response.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.     Denies the allegations set forth in paragraph "23" of the complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

24.     Denies the allegations set forth in paragraph "24" of the complaint, except admits that Richard Fergerson was formerly employed by the City of New York as a detective.

25.     Denies the allegations set forth in paragraph "25" of the complaint, except admits that Victor Rice was formerly employed by the City of New York as a detective.

26.      Denies the allegations set forth in paragraph "26" of the complaint, except admits that Robert Donawa was formerly employed by the City of New York as a detective.

27.     Denies the allegations set forth in paragraph "27" of the complaint, except admits that Derrick Parker was formerly employed by the City of New York as a detective.

28.     Denies the allegations set forth in paragraph "28" of the complaint, except admits that Lloyd Henry was formerly employed by the City of New York as a detective.

29.     Denies the allegations set forth in paragraph "29" of the complaint, except admits that Michael Zanatta was formerly employed by the City of New York as a police officer.

30.     Denies the allegations set forth in paragraph "30" of the complaint, except admits that Eric Harsch was formerly employed by the City of New York as a police officer.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.     Denies the allegations set forth in paragraph "32" of the complaint, except admits that the body of Neda Mae Carter was found at approximately 11:00 p.m. on February 18, 1991 in a park in Brooklyn.

33.     Denies the allegations set forth in paragraph "33" of the complaint, and refers the Court to the Medical Examiner's autopsy report for a complete and accurate statement of Carter's injuries and the cause of death.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Denies the allegations set forth in paragraph "37" of the complaint, except admits that Officer Zanatta was the first officer who arrived at the scene and that Richard Fergerson subsequently became the lead investigator.

38.     Denies the allegations set forth in paragraph "38" of the complaint, except admits that investigators conducted a canvass.

39.     Denies the allegations set forth in paragraph "39" of the complaint, except admits that investigators interviewed the victim's mother and that she provided information to the police.

40.     Admits the allegations set forth in paragraph "40" of the complaint.

41.     Denies the allegations set forth in paragraph "41" of the complaint except admits that investigators interviewed plaintiff Andre Hatchett, and refers the Court to the records of the criminal investigation for a complete and accurate statement of their contents.

42.     Denies the allegations set forth in paragraph "42" of the complaint, except admits that plaintiff told officers he had spent time with Tyrone Thomas and Tanya on February 18, 1991.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     Admits the allegations set forth in paragraph "44" of the complaint.

45.     Denies the allegations set forth in paragraph "45" of the complaint, except admits that Hatchett was not arrested on February 20, 1991.

46.     Denies the allegations set forth in paragraph "46" of the complaint.

47.     Denies the allegations set forth in paragraph "47" of the complaint, except admits that Jerry Williams was arrested on or about February 25, 1991.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.     Denies the allegations set forth in paragraph "50" of the complaint, except admits that Williams identified James Pringle.

51.     Denies the allegations set forth in paragraph "51" of the complaint, except admits that it was learned that Pringle was incarcerated at the time of the murder.

52.     Denies the allegations set forth in paragraph "52" of the complaint.

53.     Denies the allegations set forth in paragraph "53" of the complaint, except admits that Williams viewed plaintiff in a live lineup on February 26, 1991.

54.     Denies the allegations set forth in paragraph "54" of the complaint.

55.     Denies the allegations set forth in paragraph "55" of the complaint.

56.     Denies the allegations set forth in paragraph "56" of the complaint, except admits plaintiff was arrested.

57.     Denies the allegations set forth in paragraph "57" of the complaint.

58.     Denies the allegations set forth in paragraph "58" of the complaint and refers the Court to the records of the criminal investigation, including records of the interviews with Williams, for a complete and accurate statement of the facts contained therein.

59.     Denies the allegations set forth in paragraph "59" of the complaint and refers the Court to the records of the criminal investigation, including records of the interviews with Williams, for a complete and accurate statement of the facts contained therein.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint.

62.     Denies the allegations set forth in paragraph "62" of the complaint.

63.     Denies the allegations set forth in paragraph "63" of the complaint.

64.     Denies the allegations set forth in paragraph "64" of the complaint.

65.     Denies the allegations set forth in paragraph "65" of the complaint.

66.      Denies the allegations set forth in paragraph "66" of the complaint, except admits that the Kings County District Attorney's Office declined to prosecute plaintiff on or about February 26, 1991.

67.     Denies the allegations set forth in paragraph "67" of the complaint and refers the Court to the records of the criminal prosecution for a complete and accurate statement of the facts contained therein.

68.     Denies the allegations set forth in paragraph "68" of the complaint and refers the Court to the records of the criminal investigation for a complete and accurate statement of the facts contained therein.

69.     Denies the allegations set forth in paragraph "69" of the complaint, except admits that Hatchett was interviewed on more than one occasion.

70.     Denies the allegations set forth in paragraph "70" of the complaint and refers the Court to the records of the criminal investigation for a complete and accurate statement of the facts contained therein.

71.     Denies the allegations set forth in paragraph "71" of the complaint and refers the Court to the records of the criminal investigation for a complete and accurate statement of the facts contained therein.

72.     Denies the allegations set forth in paragraph "72" of the complaint and refers the Court to the records of the criminal investigation for a complete and accurate statement of the facts contained therein.

73.     Denies the allegations set forth in paragraph "73" of the complaint.

74.     Denies the allegations set forth in paragraph "74" of the complaint.

75.     Denies the allegations set forth in paragraph "75" of the complaint, except admits that Hopkins gave a statement to prosecutors that was audio recorded.

76.     Denies the allegations set forth in paragraph "76" of the complaint.

77.     Denies the allegations set forth in paragraph "77" of the complaint, except admits that plaintiff participated in a lineup at the 81st Precinct on March 26, 1991.

78.     Denies the allegations set forth in paragraph "78" of the complaint, except admits that Hopkins viewed a lineup with plaintiff and five other men.

79.     Denies the allegations set forth in paragraph "79" of the complaint, except admit that Hopkins identified plaintiff as the perpetrator of the crime.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the complaint.

81.     Denies the allegations set forth in paragraph "81" of the complaint.

82.     Denies the allegations set forth in paragraph "82" of the complaint.

83.     Denies the allegations set forth in paragraph "83" of the complaint, except admits that Hatchett was arrested on or about March 26, 1991.

84.     Denies the allegations set forth in paragraph "84" of the complaint.

85.     Denies the allegations set forth in paragraph "85" of the complaint and refers the Court to the records of the criminal investigation for a complete and accurate statement of the facts contained therein.

86.     Denies the allegations set forth in paragraph "86" of the complaint.

87.     Denies the allegations set forth in paragraph "87" of the complaint.

88.     Denies the allegations set forth in paragraph "88" of the complaint and refers the Court the records of the criminal investigation for a complete and accurate statement of the facts contained therein.

89.     Denies the allegations set forth in paragraph "89" of the complaint.

90.     Denies the allegations set forth in paragraph "90" of the complaint.

91.     Denies the allegations set forth in paragraph "91" of the complaint.

92.     Denies the allegations set forth in paragraph "92" of the complaint.

93.     Denies the allegations set forth in paragraph "93" of the complaint.

94.     Admits the allegations set forth in paragraph "94" of the complaint.

95.     Denies the allegations set forth in paragraph "95" of the complaint and refers the Court to the transcript of the proceedings described therein for a full and accurate statement of the contents thereof.

96.     Admits the allegations set forth in paragraph "96" of the complaint.

97.     Denies the allegations set forth in paragraph "97" of the complaint, except admit that Williams testified at trial and identified Hatchett as the perpetrator.

98.     Denies the allegations set forth in paragraph "98" of the complaint and respectfully refers the court to the transcript of the proceedings described therein for a full and accurate statement of the contents thereof.

99.     Admits the allegations set forth in paragraph "99" of the complaint.

100.    Admits the allegations set forth in paragraph "100" of the complaint.

101.    Denies the allegations set forth in paragraph "101" of the complaint, and refers the court to the trial transcript for a complete statement of its contents and the evidence presented by the People.

102.    Denies the allegations set forth in paragraph "102" of the complaint and respectfully refers the court to the transcript of the proceedings described therein for a full and accurate statement of the contents thereof.

103.    Denies the allegations set forth in paragraph "103" of the complaint and refers the Court the records of the criminal investigation for a complete and accurate statement of the facts contained therein.

104.    Denies the allegations set forth in paragraph "104" of the complaint.

105.    Denies the allegations set forth in paragraph "105" of the complaint.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the complaint.

107.    Denies the allegations set forth in paragraph "107" of the complaint, except admits that the jury found plaintiff guilty on February 19, 1992.

108.    Admits the allegations set forth in paragraph "108" of the complaint.

109.    Admits the allegations set forth in paragraph "109" of the complaint.

110.    Admits the allegations set forth in paragraph "110" of the complaint.

111.    Denies the allegations set forth in paragraph "111" of the complaint and respectfully refer the Court to the joint motion described therein for a full and accurate account of the investigation.

112.    Denies the allegations set forth in paragraph "112" of the complaint and respectfully refer the Court to the joint motion described therein for a full and accurate account of the investigation.

113.    Denies the allegations set forth in paragraph "113" of the complaint and respectfully refer the Court to the proceedings described therein for a full and accurate account of the investigation.

114.    Denies the allegations set forth in paragraph "114" of the complaint and respectfully refer the Court to the proceedings described therein for a full and accurate account of the investigation.

115.    Denies the allegations set forth in paragraph "115" of the complaint and respectfully refer the Court to the proceedings described therein for a full and accurate account of the investigation.

116.    Denies the allegations set forth in paragraph "116" of the complaint and respectfully refer the Court to the proceedings described therein for a full and accurate account of the investigation.

117.    Denies the allegations set forth in paragraph "117" of the complaint and respectfully refer the Court to the proceedings described therein for a full and accurate account of the investigation.

118.    Denies the allegations set forth in paragraph "118" of the complaint.

119.    Denies the allegations set forth in paragraph "119" of the complaint.

120.     Denies the allegations set forth in paragraph "120" of the complaint.

121.     Denies the allegations set forth in paragraph "121" of the complaint and its nine (9) distinct sub-paragraphs, and refers the Court to the proceedings of the cases described therein.

122.     Denies the allegations set forth in paragraph "122" of the complaint and respectfully refers the Court to the Mollen Commission Report for a complete and accurate statement of its contents.

123.     Denies the allegations set forth in paragraph "123" of the complaint.

124.     Denies the allegations set forth in paragraph "124" of the complaint.

125.     Denies the allegations set forth in paragraph "125" of the complaint.

126.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the complaint.

127.     Denies the allegations set forth in paragraph "127" of the complaint.

128.     Denies the allegations set forth in paragraph "128" of the complaint.

129.     Denies the allegations set forth in paragraph "129" of the complaint.

130.     In response to the allegations set forth in paragraph "130" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

131.     Denies the allegations set forth in paragraph "131" of the complaint.

132.     Denies the allegations set forth in paragraph "132" of the complaint.

133.     Denies the allegations set forth in paragraph "133" of the complaint.

134.     Denies the allegations set forth in paragraph "134" of the complaint.

135.     Denies the allegations set forth in paragraph "135" of the complaint.

136.   Denies the allegations set forth in paragraph "136" of the complaint.

137.   Denies the allegations set forth in paragraph "137" of the complaint.

138.   Denies the allegations set forth in paragraph "138" of the complaint.

139.   Denies the allegations set forth in paragraph "139" of the complaint.

140.   Denies the allegations set forth in paragraph "140" of the complaint.

141.   Denies the allegations set forth in paragraph "141" of the complaint.

142.   Denies the allegations set forth in paragraph "142" of the complaint.

143.   Denies the allegations set forth in paragraph "143" of the complaint.

144.   Denies the allegations set forth in paragraph "144" of the complaint.

145.   Denies the allegations set forth in paragraph "145" of the complaint.

146.   In response to the allegations set forth in paragraph "146" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

147.   Denies the allegations set forth in paragraph "147" of the complaint.

148.   Denies the allegations set forth in paragraph "148" of the complaint.

149.   Denies the allegations set forth in paragraph "149" of the complaint.

150.   Denies the allegations set forth in paragraph "150" of the complaint.

151.   Denies the allegations set forth in paragraph "151" of the complaint.

152.   Denies the allegations set forth in paragraph "152" of the complaint.

153.   Denies the allegations set forth in paragraph "153" of the complaint.

154.   Denies the allegations set forth in paragraph "154" of the complaint.

155.     In response to the allegations set forth in paragraph "155" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

156.     Denies the allegations set forth in paragraph "156" of the complaint.

157.     Denies the allegations set forth in paragraph "157" of the complaint.

158.     Denies the allegations set forth in paragraph "158" of the complaint.

159.     Denies the allegations set forth in paragraph "159" of the complaint.

160.     In response to the allegations set forth in paragraph "160" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

161.     Denies the allegations set forth in paragraph "161" of the complaint.

162.     Denies the allegations set forth in paragraph "162" of the complaint.

163.     Denies the allegations set forth in paragraph "163" of the complaint.

164.     Denies the allegations set forth in paragraph "164" of the complaint.

165.     In response to the allegations set forth in paragraph "165" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

166.     Denies the allegations set forth in paragraph "166" of the complaint.

167.     Denies the allegations set forth in paragraph "167" of the complaint.

168.     Denies the allegations set forth in paragraph "168" of the complaint.

169.     Denies the allegations set forth in paragraph "169" of the complaint.

170.     Denies the allegations set forth in paragraph "170" of the complaint.

171.     Denies the allegations set forth in paragraph "171" of the complaint.

172.     Denies the allegations set forth in paragraph "172" of the complaint.

173.     Denies the allegations set forth in paragraph "173" of the complaint.

174.     In response to the allegations set forth in paragraph "174" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

175.     Denies the allegations set forth in paragraph "175" of the complaint.

176.     Denies the allegations set forth in paragraph "176" of the complaint.

177.     Denies the allegations set forth in paragraph "177" of the complaint.

178.     Denies the allegations set forth in paragraph "178" of the complaint.

179.     Denies the allegations set forth in paragraph "179" of the complaint.

180.     In response to the allegations set forth in paragraph "180" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

181.     Denies the allegations set forth in paragraph "181" of the complaint.

182.     Denies the allegations set forth in paragraph "182" of the complaint.

183.     Denies the allegations set forth in paragraph "183" of the complaint.

184.     Denies the allegations set forth in paragraph "184" of the complaint.

185.     Denies the allegations set forth in paragraph "185" of the complaint.

186.     In response to the allegations set forth in paragraph "186" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

187.     Denies the allegations set forth in paragraph "187" of the complaint.

188.     Denies the allegations set forth in paragraph "188" of the complaint.

189.     Denies the allegations set forth in paragraph "189" of the complaint.

190.     Denies the allegations set forth in paragraph "190" of the complaint.

191.     Denies the allegations set forth in paragraph "191" of the complaint.

192.     Denies the allegations set forth in paragraph "192" of the complaint.

193.     Denies the allegations set forth in paragraph "193" of the complaint.

194.     Denies the allegations set forth in paragraph "194" of the complaint.

195.     In response to the allegations set forth in paragraph "195" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

196.     Denies the allegations set forth in paragraph "196" of the complaint.

197.     Denies the allegations set forth in paragraph "197" of the complaint.

198.     Denies the allegations set forth in paragraph "198" of the complaint.

199.     Denies the allegations set forth in paragraph "199" of the complaint.

200.     Denies the allegations set forth in paragraph "200" of the complaint.

201.     Denies the allegations set forth in paragraph "201" of the complaint.

202.     In response to the allegations set forth in paragraph "202" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

203.     Denies the allegations set forth in paragraph "203" of the complaint.

204.     Denies the allegations set forth in paragraph "204" of the complaint.

205.     Denies the allegations set forth in paragraph "205" of the complaint.

206.     Denies the allegations set forth in paragraph "206" of the complaint.

207.    In response to the allegations set forth in paragraph "207" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

208.    Denies the allegations set forth in paragraph "208" of the complaint.

209.    Denies the allegations set forth in paragraph "209" of the complaint.

210.    Denies the allegations set forth in paragraph "210" of the complaint.

211.    Denies the allegations set forth in paragraph "211" of the complaint.

212.    Denies the allegations set forth in paragraph "212" of the complaint.

213.    In response to the allegations set forth in paragraph "213" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

214.    Denies the allegations set forth in paragraph "214" of the complaint.

215.    Denies the allegations set forth in paragraph "215" of the complaint.

216.    Denies the allegations set forth in paragraph "216" of the complaint.

217.    In response to the allegations set forth in paragraph "217" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein..

218.    Denies the allegations set forth in paragraph "218" of the complaint.

219.    Denies the allegations set forth in paragraph "219" of the complaint.

220.    Denies the allegations set forth in paragraph "220" of the complaint.

221.    Denies the allegations set forth in paragraph "221" of the complaint.

222.     In response to the allegations set forth in paragraph "222" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

223.     Denies the allegations set forth in paragraph "223" of the complaint.

224.     Denies the allegations set forth in paragraph "224" of the complaint.

225.     Denies the allegations set forth in paragraph "225" of the complaint.

## FIRST AFFIRMATIVE DEFENSE:

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City.

## THIRD AFFIRMATIVE DEFENSE:

There was probable cause for plaintiff's arrest, detention, and prosecution.

## FOURTH AFFIRMATIVE DEFENSE:

Defendant City has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## FIFTH AFFIRMATIVE DEFENSE:

Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

## SIXTH AFFIRMATIVE DEFENSE:

The claims under New York State law may be barred under the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## EIGHTH AFFIRMATIVE DEFENSE:

Punitive damages cannot be assessed against defendant City of New York.

## NINTH AFFIRMATIVE DEFENSE:

Plaintiff has failed to mitigate his alleged damages.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
             June 5, 2017

                                         ZACHARY W. CARTER
                                         Corporation Counsel of the
                                         City of New York
                                         *Attorney for Defendant City*
                                         100 Church Street, Room 3-153
                                         New York, New York 10007
                                         (212) 356-2572


                              By:    _____
                                                /S/
                                     Angharad K. Wilson
                                     Assistant Corporation Counsel


cc:    <u>BY ECF</u>
       All Counsel

- 20 -

Docket No. 17-cv-1324

| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
|---|
| ANDRE HATCHETT,<br><br>                        Plaintiff,<br><br>               -against-<br><br>THE CITY OF NEW YORK, NEW YORK, a municipal entity; DETECTIVE RICHARD FERGERSON, in his individual capacity; DETECTIVE VICTOR RICE, in his individual capacity; DETECTIVE ROBERT DONAWA, in his individual capacity; DETECTIVE LLOYD HENRY, in his individual capacity; DETECTIVE DERRICK J. PARKER, in his individual capacity; OFFICER MICHAEL ZANATTA, in his individual capacity; OFFICER ERIC HARSCH, in his individual capacity; and OTHERS AS-YET-UNKNOWN JOHN AND JANE DOE OFFICERS AND SUPERVISORS 1-10 in their individual capacities,<br><br>                        Defendants. |
| **ANSWER TO THE COMPLAINT** |
| ***ZACHARY W. CARTER***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br><br>*Of Counsel: Angharad Wilson*<br>*Tel:  212-356-2572*<br>*Law Manager No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ...............................June 5, 2017*<br><br> *............................................................................ .*<br><br>*Attorney for .........................................................* |

- 21 -